UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOY MACKELL,<br><br>   Plaintiff,<br><br>  v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>   Defendants. | Case No.  16-cv-04202-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re:  ECF 7] |

Plaintiff Joy Mackell brings various causes of action based on Defendants' alleged failure to disclose building code violations when she obtained a home loan from World Savings Bank, FSB ("World Savings") in 2007.  Compl. ¶¶ 9-11, 14, 25, ECF 1, Ex. A.  Before the Court is Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s motion to dismiss Plaintiff Joy Mackell's complaint.  ECF 7.  For reasons discussed below, the Court GRANTS Wells Fargo's motion to dismiss.

**I.  BACKGROUND**

To refinance a preexisting loan, Plaintiff obtained a loan in the amount of $680,000 from World Savings in 2007, secured and recorded against a property in Cupertino, California ("Loan").  Compl. 9-14.  According to Plaintiff, during the refinancing process, the selected appraiser found that the property was worth $1.7 million but failed to indicate that there were "red tags," issued on the property for lack of building permits.  *Id.* ¶¶ 9, 13-17.  In January 2008, World Savings changed its name to Wachovia Mortgage, FSB, which then converted and merged with Wells Fargo Bank, N.A. ("Wells Fargo") in November 2009.  Request for Judicial Notice ("RJN"), Ex. E-H.  Wells Fargo thus became the successor to World Savings.

 Plaintiff subsequently received a modification for the Loan in 2009.  Compl. ¶¶ 13-17.  In

November 2011, Plaintiff failed to make payments and defaulted on the Loan. *Id.* ¶ 20; RJN, Ex. I. Plaintiff attempted to sell the property in 2014, but a prospective buyer discovered the "red tags," which allegedly prevented any future sale or transfer of the property. Compl. ¶¶ 17, 23. A Notice of Default was then recorded in March 2016 and a Notice of Trustee's Sale set forth a sale date of July 20, 2016. *Id.* ¶¶ 21-22.

Plaintiff filed suit against Defendants on June 24, 2016 in Santa Clara Superior Court, which was later removed to this Court. Compl.; Notice of Removal, ECF 1. Plaintiff alleges that if she had known about the "red tags," she would not have refinanced her initial loan. Compl. ¶ 23. Plaintiff further alleges that the fines for the "red tag" violations were retroactive to the day they were filed and costs $400 a day, amounting to over $8 million in fines. *Id.* ¶¶ 18-19. Moreover, Plaintiff claims that had she sold the property to a buyer in 2014, she would have made $350,000 in profit and would not have had to pay interest on the $680,000 loan for two years. *Id.* ¶¶ 17, 28. The complaint sets forth the following causes of action based on Defendants' alleged misconduct and failure to disclose the "red tags": (1) fraud; (2) negligent misrepresentation; (3) fraudulent concealment; (4) tortious breach of the covenant of good faith and fair dealing; (5) contractual breach of duty of good faith and fair dealing; (6) breach of contract; (7) promissory estoppel; (8) violation of Business and Professions Code section 17200 ("UCL"). *Id.* ¶¶ 24-49; Opp'n 3, ECF 37.

**II.    JURISDICTION**

Wells Fargo argues that this Court has subject matter jurisdiction because the parties are diverse. Notice of Removal 2-3. Plaintiff is a California citizen, Defendant Wells Fargo is a citizen of South Dakota, and the amount in controversy exceeds $75,000.00. *Id.*; Compl. Wells Fargo also contends that although Defendant Clear Recon Corporation ("Clear Recon") is a California resident, it is fraudulently joined and should be disregarded for the purpose of the analysis on jurisdiction. Notice of Removal 6-7. This Court issued an order to Plaintiff to respond to Wells Fargo's argument on jurisdiction but Plaintiff failed to timely respond. ECF 39.

If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is

1   fraudulent. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).
2   "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v.*
3   *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A removing defendant is "entitled to
4   present the facts showing the joinder to be fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d
5   1061, 1067 (9th Cir. 2001). The removing defendant may submit facts showing that the resident
6   defendant has "no real connection with the controversy." *Ritchey*, 139 F.3d at 1318. If factual
7   issues are in dispute, the Court must resolve "all disputed questions of fact . . . in the plaintiff's
8   favor." *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).

9         First, Plaintiff's complaint pleads no allegations that specifically tie Clear Recon to the
10  wrongdoings alleged to have occurred in this case. Compl. ¶ 3; Notice of Removal 7. Second, no
11  viable cause of action against Clear Recon could be inferred based on the allegations in the
12  complaint. Clear Recon is the current trustee under the Deed of Trust to effectuate a non-judicial
13  foreclosure and played no role in refinancing Plaintiff's loan. Notice of Removal 5. Plaintiff's
14  complaint and other submissions to this Court do not dispute this fact. *E.g.*, Compl.; Opp'n.
15  Since Clear Recon's only involvement in this case is its ministerial role as a trustee, its actions
16  related to non-judicial foreclosure proceedings are privileged. Cal. Civ. Code § 2924(d) (holding
17  privileged pursuant to Cal. Civ. Code section 47 "[p]erformance of the functions and procedures . .
18  . necessary to carry out the duties [of a non-judicial foreclosure]"). California Civil Code section
19  47 subjects a trustee's fulfillment of its statutory duties to a qualified "common interest privilege."
20  Cal. Civ. Code § 47(c)(1); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008). As such,
21  absent a showing of malice, claims arising out of communications in non-judicial foreclosure
22  procedures are barred. *Id.* at 339-40; *e.g.*, *Moreno v. Wells Fargo*, No. 11-05189, 2011 WL
23  6372637, at *5 (N.D. Cal. Dec. 20, 2011) (finding that Cal-Western was fraudulently joined
24  because no claims can be stated against it due to its limited role as a trustee); *Fernandez v. Wells*
25  *Fargo Bank, N.A.*, No. 12-03941, 2012 WL 5350256, at *3 (N.D. Cal. Oct. 29, 2012) (same).

26        Because the complaint is devoid of any allegations relating to Clear Recon, whose
27  ministerial actions as a trustee are privileged regardless, Plaintiff's failure to state a viable claim
28  against Clear Recon is obvious. The Court thus finds Clear Recon to be a "sham defendant," and

disregards its citizenship for purposes of the analysis on jurisdiction. Notice of Removal 4; *Ritchey*, 139 F.3d at 1318. As noted above, Plaintiff is a California citizen, Defendant Wells Fargo is a citizen of South Dakota, and the amount in controversy exceeds $75,000.00. Compl.; Notice of Removal 2-3. Accordingly, the Court has subject matter jurisdiction of this case based on a complete diversity under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV. DISCUSSION

Wells Fargo contends that Plaintiff's claims are preempted by HOLA and barred by statutes of limitations. Alternatively, Wells Fargo argues that she has failed to allege sufficient facts entitling her to relief. Before turning to the merits of these arguments, the Court addresses Wells Fargo's request for judicial notice.

### A. Judicial Notice

Wells Fargo has requested judicial notice of thirteen documents, attached to the request as

4

Exhibits A through M: (A) Fixed Rate Mortgage Note; (B) Deed of Trust; (C) Modification Agreement; (D) Certificate of Corporate Existence; (E) Office of Thrift Supervision's authorization of name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; (F) Charter of Wachovia Mortgage, FSB; (G) Certification of Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; (H) Printout from the website of the Federal Deposit Insurance Corporation dated December 15, 2010, showing the history of Wachovia Mortgage, FSB; (I) Notice of Default; (J) Notice of Trustee's Sale; (K) General Counsel Opinion Letter of Federal Home Loan Bank Board; (L) July 22, 2003 Opinion Letter of Office of Thrift Supervision ("OTS"); and (M) December 8, 2011 Bulletin of Office of the Comptroller of the Currency. RJN, ECF 8.

Judicial notice is appropriate with respect to Exhibits A and C for the purpose of the motion to dismiss because their "contents are alleged in [the] complaint and whose authenticity no party questions." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); Compl. ¶¶ 9-10, 20. Judicial notice is also appropriate with respect to Exhibits B, I, and J because they are documents publicly filed with the Santa Clara County Recorder. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record). Judicial notice is appropriate with respect to Exhibit H because it is a printout from a government website. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'ty v. Cal.*, 547 F.3d 962, 969 n.4 (9th Cir. 2008) (taking judicial notice of information located on California Gambling Control Commission website). Finally, judicial notice is appropriate with respect to Exhibits D, E, F, G, K, L, and M, because they reflect official acts of the Executive Branch. *See Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1093 n.2 (N.D. Cal. 2013) (court may take judicial notice of "records reflecting official acts of the Executive Branch, without converting a motion to dismiss into a motion for summary judgment").

Plaintiff has neither opposed the request for judicial notice nor disputed the authenticity of the documents. The request for judicial notice is GRANTED with respect to all the exhibits attached to Wells Fargo's request.

### B. Preemption Under HOLA

Wells Fargo argues that because World Savings Bank (renamed Wachovia Mortgage, FSB) was a federally chartered savings bank regulated by the Office of Thrift Supervision under the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, at the time the loan was made, preemption under HOLA attaches to Plaintiff's Loan despite the sale or transfer of the Loan to Wells Fargo. RJN Exs. A, D-H; Mot. 3-5. According to Wells Fargo, the state law claims asserted in this action are thus preempted by HOLA. *Id.* at 6-7. In opposition, Plaintiff argues that the asserted claims are not preempted by HOLA because "they only incidentally affect the lending operations of federal savings association." Opp'n 4 (citing *Vargas v. Wells Fargo Bank, N.A.*, No. 150844, 2015 WL 10791959, at *6 (C.D. Cal. Aug. 17, 2015); *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1185 (N.D. Cal. 2012)). Specifically, Plaintiff contends that the appraiser's failure to disclose "red tags" to Plaintiff is not related to preempted state law under 12 C.F.R. section 560.2(b), so preemption does not apply. Opp'n 5 (citing *Wickman v. Aurora Loan Servs., LLC*, No. 12-1702, 2013 WL 4517247, at *3 (S.D. Cal. Aug. 23, 2013)). Plaintiff further claims that HOLA does not apply to Wells Fargo. Opp'n 5-6 (citing *Peterson v. Wells Fargo Bank, N.A.*, No. 13-03392, 2014 WL 1911895, at *4 (N.D. Cal. May 13, 2014)).

The Ninth Circuit has held that HOLA preempts state law. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008). Applying *field* preemption, the Ninth Circuit ruled that the scope of preemption under HOLA is broad. "HOLA was designed to restore public confidence by creating a nationwide system of federal savings and loan associations to be centrally regulated according to nationwide best practices." *Id.* (internal quotation marks and citation omitted). The Ninth Circuit "described HOLA and its following agency regulations as a 'radical and comprehensive response to the inadequacies of the existing state system,' and 'so pervasive as to leave no room for state regulatory control.'" *Id.* at 1004-05 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979). In cases invoking preemption under HOLA, the presumption against preemption does not apply. *Silvas*, 514 F.3d at 1005.

Under HOLA, the Office of Thrift Supervision ("OTS") has extensive authority to govern federal savings associations. *Id.* OTS has promulgated a regulation that expressly "occupies the

entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). Section 560.2(b) lists thirteen categories of state laws preempted by HOLA, but makes clear that the scope of preemption includes, but is not limited to, those categories. 12 C.F.R. § 560.2(b). Perhaps most relevant here, HOLA expressly preempts "state laws purporting to impose requirements regarding . . . [t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan." 12 C.F.R. § 560.2(b)(4). HOLA also preempts state laws imposing requirements on "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). Section 560.2(c) lists categories of state laws that are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of" the regulation. 12 C.F.R. § 560.2(c). The list includes contract law and real property law. 12 C.F.R. § 560.2(c)(1), (c)(2).

### C. HOLA Preemption Applies to Wells Fargo

The Court first determines whether HOLA preemption applies to Wells Fargo. Whether HOLA governs depends on when the alleged conduct occurred. *Rodriguez v. U.S. Bank Nat. Ass'n*, No. 12-00989-WHA, 2012 WL 1996929, at *7 (N.D. Cal. June 4, 2012). "[A] growing number of courts, including many within this District, have held that whether HOLA preemption applies depends on whether the claims arise from actions taken by the federal savings association or from actions taken by the national bank." *Hixson v. Wells Fargo Bank NA*, No. 14-285-SI, 2014 WL 3870004, at *3 (N.D. Cal. Aug. 6, 2014) (collecting cases).

Here, World Savings Bank, the bank that issued the loan in question, was a federal savings bank governed by the OTS under the provisions of HOLA. RJN, Exs. A, D. On November 1, 2009, World Savings Bank, later renamed Wachovia Mortgage, FSB, converted to Wells Fargo Bank Southwest, N.A., which then merged into Wells Fargo Bank, N.A. *Id.*, Exs. E-G. Following the conversion of the banking entity from a federal savings bank to a national banking association, the governing regulatory agency changed from the OTS to the Comptroller of the Currency

("OCC"). *Id.*, Ex. G; 12 U.S.C. § 371(a) ("Any national banking association may make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate, subject to . . . such restrictions and requirements as the Comptroller of the Currency may prescribe by regulation or order."); *see also Bank of Am. v. City and Cnty. of San Francisco*, 309 F.3d 551, 561-63 (9th Cir. 2002) (discussing authority of OCC under National Banking Act). The claims at issue in this action relate to the alleged failure to disclose "red tags" by an appraiser selected by World Savings Bank at the time of the loan origination, before the November 1, 2009 merger into Wells Fargo. Compl. ¶¶ 9, 12; RJN, Exs. G, H; Reply 4, ECF 38. Since this conduct was taken by the federal savings bank, HOLA preemption applies. Plaintiff cites *Peterson*, in an attempt to argue that Wells Fargo is not entitled to HOLA preemption. 2014 WL 1911895, at *4. However, the court there actually noted that "[World Savings Bank's] conduct before its merger with Wells Fargo on November 1, 2009 would be governed by HOLA where appropriate" and only found that the alleged wrongful conduct occurred starting in 2009 not subject to HOLA preemption. *Id.* Consistent with that holding and authorities discussed above, the Court finds that Wells Fargo may avail itself of HOLA preemption in this case because the alleged failure to disclose "red tags" occurred prior to 2009.

### D. HOLA Preemption Applies to Plaintiff's Claims

The Court next considers whether Plaintiff's claims are preempted by HOLA. The Ninth Circuit has adopted the process developed by OTS to determine whether a state law is preempted under 12 C.F.R. section 560.2(b), which provides a nonexclusive list of the types of state laws preempted by HOLA:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30,

1996)).

The complaint pleads eight causes of action, all of which are predicated on Defendants' alleged failure to disclose "red tags."  Compl. ¶¶ 24-49; Opp'n 5.  Paragraph (b) of section 560.2 includes "terms of credit," § 560.2(b)(4), "disclosure[s] and advertising," § 560.2(b)(9), and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages," § 560.2(b)(10), as areas of law that HOLA would preempt.  Plaintiff's claim relating to the failure to disclose the "red tags" relate to "terms of credit," "disclosures," and "processing" or "origination" of mortgages.  *E.g.*, *Romo v. Wells Fargo Bank, N.A.*, No. 15-03708-EMC, 2016 WL 324286, at *7 (N.D. Cal. Jan. 27, 2016) (finding that HOLA preempts UCL and breach of contract claims relating to the alleged failure to disclose material information that was known only to World Savings, Wachovia and Wells Fargo); *Stiles v. Wells Fargo Bank*, No. 14-04169, 2014 WL 7146950, at *4 (N.D. Cal. Dec. 15, 2014) (finding that HOLA preempts fraud and negligence claims relating to the defendant's failure to disclose information during the origination process); *Naulty v. GreenPoint Mortg. Funding, Inc.*, No. 09-1542-MHP, 2009 WL 2870620, at *4 (N.D. Cal. Sept. 3, 2009) (finding HOLA preempts claims relating to disclosures that Wachovia did or did not give to plaintiffs, and to Wachovia's underwriting standards).  As such, since all of Plaintiff's claims are based upon the theory of failure to disclose, challenging the disclosure and loan origination process, they are preempted.

Plaintiff's reliance on *Vargas*, *Plastino*, *Wickman* does not persuade this Court otherwise.  In *Vargas*, although the claims there did not expressly impose legal requirements on lenders, the court ultimately concluded that the claims alleging fraud, negligent misrepresentation, UCL violations, and promissory estoppel based on lender's inadequate disclosure pertained to loan "origination" and "disclosure," and thus were preempted by HOLA.  2015 WL 10791959, at *6.  The court in *Plastino* also noted that where a plaintiff alleges "inadequate disclosures of fees, interest rates, or other loan terms," those claims would be preempted.  873 F. Supp. 2d at 1185.  It found no preemption only for claims based on specific affirmative misrepresentation by the defendant stating, for example, that "no foreclosure sale would be conducted while the loan modification process was underway."  *Id.* at 1186.  The *Plastino* court reasoned that such claims

9

1  did not "imposed additional requirements" on the defendants. *Id.*; *Wickman*, 2013 WL 4517247,
2  at *1, 3 (finding no preemption for claims based on affirmative misrepresentation to the plaintiff
3  that he had to default on a loan to secure a modification). Plaintiff's claims here are not analogous
4  to the claims in *Plastino* and *Wickman*. As discussed above, they are grounded in allegations of
5  inadequate disclosure by the lender and thus would impose additional requirements on a lender.
6  Accordingly, Plaintiff's claims are preempted by HOLA.

### E. Plaintiff's Claims are Time Barred

Wells Fargo argues in the alternative that since Plaintiff entered into the Loan agreement on May 23, 2007, more than 4 years ago, and all applicable statutes of limitations are four years or less, the asserted claims are barred. RJN, Exs. A and B; Mot. 7. In opposition, Plaintiff asserts that the statute of limitation did not run until 2014, when she attempted to sell the property. Opp'n 6.

Plaintiff fails to explain why she could not have discovered the existence of the building code violations until 2014 even though the violations pre-existed the origination of the Loan. Reply 4. Plaintiff merely asserts without any reasoning, that exercise of reasonable diligence before 2014 "would have been premature and unreasonable." Opp'n 6. Plaintiff further claims that she "expects further facts, not within her possession or control" to be revealed during discovery. *Id.* Such conclusory arguments in her opposition, together with the allegations in the complaint, are insufficient to support any equitable tolling or delayed accrual of claims. No explanation has been provided as to why it would have been unreasonable for Plaintiff to know about the pre-existing "red tags" or why there would be supporting facts not in her possession on this point. Plaintiff also argues without supporting authority that policy concerns relating to a consumer's trust justify the tolling of the statutes of limitations. *Id.* at 6-7. However, the policy argument fails to explain why a borrower should assume that the property is free of code violations at the time of refinancing of the loan. Additionally, "red tags" are a matter of public record and Plaintiff has not alleged facts demonstrating why she should not be charged with knowledge of the public record relating to her property during the period she owned the property. Accordingly, the Court finds that Plaintiff's claims are time barred.

### F. Plaintiff has Failed to Allege Sufficient Facts to State a Claim

Wells Fargo further argues that Plaintiff has failed to state a claim for all eight causes of action in the complaint. The question before the Court is whether Plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires Plaintiff to allege facts that, taken as whole, demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* The pleading deficiencies with respect to each of Plaintiff's claims are discussed as follows.

#### i. Fraud, Fraudulent Concealment, and Negligence Misrepresentation

Wells Fargo argues that Plaintiff's claims of fraud, fraudulent concealment, and negligence misrepresentation lack particularity as required by Federal Rules of Civil Procedure Rule 9(b). Mot. 10-11. In addition, Wells Fargo claims that it had no legal duty to disclose the "red tags" to Plaintiff. *Id.* at 11. Wells Fargo also argues that the complaint provides no information on who issued the "red tags," when they were issued, and how the "red tags" were defined. *Id.* at 12. Lastly, Wells Fargo contends that Plaintiff alleges no justifiable reliance and damages as a result of her reliance on the alleged misrepresentation. *Id.* at 12-13. In response, Plaintiff asserts that she is not required to plead "knowledge of falsity or damages" with particularity and that she is not required to "identify a specific representative as the source of a false representation." Opp'n 7.

The Court first finds that Wells Fargo, as a lender, had no duty of care to disclose the existence of "red tag" when refinancing Plaintiff's loan, and Plaintiff provides no authority to the contrary. As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *E.g.*, *Velasquez v. Chase Home Fin. LLC*, No. 10-01641-SI, 2010 WL 3211905, at *5 (N.D. Cal. Aug. 12, 2010) (citing *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)). Because the three claims of fraud, fraudulent concealment and negligent misrepresentation rest on Wells Fargo's supposed failure to disclose, these claims are deficient at least for the reason that there was no duty to disclose.

The Court further finds that the three claims of fraud, fraudulent concealment and negligent misrepresentation do not meet the heightened Rule 9(b) pleading standard. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (holding that both fraud and negligence claims must be alleged with particularity). Here, Plaintiff does not dispute that pleading must meet the Rule 9(b) standard but argues that she has already met that standard. With respect to fraud and fraudulent concealment, Plaintiff alleges only that World Savings Bank selected the appraiser who did not inform her of the existence of "red tags." *E.g.*, Compl. ¶¶ 9, 12, 15, 25-33. As noted above, the records show that the loan at issue was entered into in May 2007, but the complaint fails to allege the "'who, what, when, where, and how' of the misconduct," why Wells Fargo would possess the knowledge of the "red tags," and why Plaintiff would not have known about the "red tags." Although Plaintiff need not identify a specific representative as the source of false representation, Plaintiff must allege at least more than what is alleged in the barebones complaint, such as communications and details of the circumstances constituting the fraud or negligence misrepresentation known to Plaintiff.

Lastly, the Court also finds that Plaintiff fails to allege reliance and damages from that reliance. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986) (holding that "essential allegations for an action in fraud or deceit are false representation as to a material fact, knowledge of its falsity, intent to defraud, *justifiable* reliance and resulting damage") (emphasis in original). First, it is unclear what Plaintiff's justifiable reliance was. Even if Plaintiff alleged that her reliance on Wells Fargo's disclosure which omitted mention of the "red tags" would have affected her consent to loan refinancing, it is unclear how the refinanced loan caused her damages. Plaintiff's allegations, as well as her opposition, fail to explain why the refinanced loan caused her to pay fines for her property's code violations and to lose a prospective sale. The complaint states that the property sale did not occur because of the existence of "red tags" and the fines were imposed because of the building code violations. Compl. ¶¶ 17-18. However, there is no authority and Plaintiff proffers no facts to support her contention that the lost

12

1  sale and the fines were due to Plaintiff's refinanced loan.

        **ii.    Tortious Breach of the Covenant of Good Faith and Fair Dealing; Contractual Breach of Duty of Good Faith and Fair Dealing; and Breach of Contract**

Wells Fargo argues that there is no breach of the implied covenant "when it was merely doing" what the contract permitted. Mot. 14. According to Wells Fargo, nothing in the express terms of the contract imposed an obligation to disclose information relating to the "red tags." *Id.* With respect to the breach of contract claim, Wells Fargo also argues that it had no duty to disclose the "red tags" pursuant to the contract. *Id.* at 15. In opposition with respect to all the claims in contract and tort, Plaintiff asserts that Wells Fargo had a duty to disclose the "red tags." Opp'n 9.

Plaintiff's conclusory assertion that Wells Fargo breached a duty without legal or factual support is insufficient. As noted above, the case law states that financial institutions generally have no duty of care beyond the scope of a traditional lender. To plead an implied covenant claim, Plaintiff must demonstrate "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). Plaintiff has neither identified any provisions in the loan documents that implied an obligation to disclose the "red tags," nor has she described how Wells Fargo consciously and deliberately frustrated "the agreed common purposes," "the reasonable expectations," and the "benefits of the agreement." Reply 6. In fact, her claims point more plausibly to failure by the title insurer to identify a defect in the title.

With respect to the breach of contract claim, Plaintiff's allegations are deficient for the same reasons as discussed above for claims relating to negligent misrepresentation and breach of implied covenant. The claim is at least deficient for not identifying any contractual or legal basis for Wells Fargo's duty to disclose, and how the alleged harm resulted from the alleged failure to disclose.

As such, Plaintiff's claims of tortious breach of the covenant of good faith and fair dealing,

1    contractual breach of duty of good faith and fair dealing, and breach of contract are deficient.

####            iii.    Promissory Estoppel

Wells Fargo argues that Plaintiff fails to allege a "clear promise" and a detrimental reliance on Wells Fargo's purported promises. Mot. 16. In response, Plaintiff reiterates the allegations in the complaint that "Defendants promised to loan money to refinance the loan on the property based upon the representation that they were issuing a first deed of trust. And that property could be freely sold or transferred to the first deed of trust." Opp'n 8; Compl. ¶ 45.

First, the Court finds that the allegations in the complaint in support of the promissory estoppel claim incomprehensible. The meaning of the statement "the property could be freely sold or transferred to the first deed of trust" is unclear and Plaintiff does not explain how or why she detrimentally relied on that statement. *Poway Royal Mobilehome Owners Ass'n v. City of Poway*, 149 Cal. App. 4th 1460, 1471 (2007) (holding that the "elements of promissory estoppel are: (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed") (internal quotation marks omitted). Even if there were a "clear promise," and that the alleged promise affected Plaintiff's decision to refinance her loan, there are no facts supporting that the refinanced loan caused her detriment and damages.

####            iv.    California's UCL

Wells Fargo argues that Plaintiff fails to allege a violation of Unfair Competition Law ("UCL") because there is no violation of another law and she has not suffered injury as a result of the alleged failure to disclose. Mot. 18. Plaintiff asserts that Wells Fargo's failure to disclose "red tags" was fraudulent and deceitful in violation of UCL. Opp'n 9-10.

In order to state a claim for relief under UCL, Plaintiff must allege facts showing that the defendant engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. With respect to the fraudulent prong under the UCL, "[a] business practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). Allegations of fraud under section 17200 must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). In addition to identifying a practice under

one of the above prongs, a plaintiff must allege that she has suffered (1) economic injury (2) as a result of the practice. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011). Specifically, the plaintiff must allege that she "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

The Court first finds that Plaintiff lacks standing to assert a UCL claim because the facts do not support a claim that the alleged damages from building code violations and inability to make a profitable sale were caused by Wells Fargo's alleged failure to disclose. *Kwikset*, 51 Cal. 4th at 323. The Court also finds that the UCL claims are deficient for the following reasons.

First, Plaintiff fails to allege a UCL claim under the "unlawful" prong because all the other causes of action are preempted by HOLA, time-barred, and insufficiently pled. As such, there is no unlawful act upon which to base a derivative UCL claim. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (holding that "[a] defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law").

Second, with respect to the "unfair" prong, Plaintiff provides no factual allegations to support how Wells Fargo's alleged failure to disclose "threatens to violate the letter, policy, or spirit of the antitrust laws, or that it harms competition." *Davis*, 691 F.3d at 1170. Plaintiff also does not offer any allegations or arguments supporting that Wells Fargo's alleged failure to disclose was against "public policy, immoral, unethical, oppressive, or unscrupulous." *Id.*

Lastly, with respect to the "fraudulent" prong, the complaint fails to meet the particularity requirement, as discussed above for the fraud and negligent misrepresentation claims. *Kearns*, 567 F.3d at 1124 (quoting *Yess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (holding that "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (citation and internal quotations omitted).

### G.  Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district

court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The first four factors – undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party – are not applicable to the present case because an amendment to Plaintiff's initial complaint would come at an early procedural stage. The factor relating to bad faith also does not apply here because the present determination on whether to grant leave does not stem from a motion for leave by Plaintiff.

The Court, however, finds that the last factor – futility of the amendment – to be dispositive. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.*; *see Utterkar v. Ebix, Inc.*, No. 14-02250-LHK, 2015 WL 5027986, at *8 (N.D. Cal. Aug. 25, 2015).

Here, there is no set of facts that could overcome not only the HOLA preemption but also the statutes of limitations so to allow Plaintiff's claims to proceed. Plaintiff summarily requests leave to amend without providing any facts or alternative legal theories to amend the complaint. As discussed above, Plaintiff's complaint and her opposition to this motion are not only barebones but also proffer no additional facts or legal bases that could remedy the deficiencies.

Since Plaintiff has given no indication of any factual or legal basis to render her claims viable, the Court DISMISSES the complaint with prejudice and without leave to amend.

**V.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Wells Fargo's

motion to dismiss is GRANTED without leave to amend. The complaint is DISMISSED with prejudice.

Dated: January 26, 2017

_____
BETH LABSON FREEMAN
United States District Judge

17